UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIM WALTERS,**

    **Plaintiff,**

v.                                                  Case No. 8:05-cv-2259-T-TBM

**MICHAEL J. ASTRUE,**[1]
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
    _____/

## **O R D E R**

    The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits. For the reasons set out herein, the decision is affirmed.

I.

    Plaintiff was forty-five years of age at the time of her administrative hearing. Plaintiff has an associates degree in electronic engineering. Her past relevant work was as telemarketer, cashier, office manager, electronics tester, and electronics assembler. Plaintiff applied for disability benefits in September 2002, alleging disability as of August 19, 2002,[2]

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

[2] In a prior application from December 2001, Plaintiff alleged disability beginning November 13, 2001.

by reason of fibromyalgia, degenerative arthritis, and sleep apnea. Plaintiff's application was denied originally and on reconsideration.

Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. Additionally, a vocational expert was called by the ALJ. In essence, Plaintiff testified that she could no longer work at any job because of fibromyalgia, osteoarthritis, and chronic fatigue. Her fibromyalgia caused aches and pains all over, but primarily in her hips and knees. The condition particularly affected her at her work in telemarketing. She would have to stand up and sit down at work due to her aches and pains, and she would doze off if the phones were not busy due to fatigue. She also suffered sleep apnea and she could not function most of the time due to her fatigue. The medication she takes also makes her sleepy. According to the Plaintiff, the problem worsened to the point that she would call into work because she was so tired in the morning and could not get up.

In addition to hip and knee pain, Plaintiff testified that her hands swell and hurt, and she experiences back pain. Testing for rheumatoid arthritis in her hands was negative, but her doctor did prescribe arthritis medication because she did not respond to the cortisone injections. Plaintiff has also tried physical therapy and pain management. Despite the various treatments, her pain is constant and affects her ability to stand and sit for any length of time. Plaintiff stated she takes a sleeping pill but usually wakes up at night from pain and has difficulty getting back to sleep. Occasionally she must take a pain pill at night as well.

She testified that she must lie down and rest, nap if possible, at least once every day. Plaintiff's limited daily activities include watching television, some light housework, and napping. She does her housework a little bit at a time. She uses her computer for twenty to thirty minutes but then her hands start hurting. Plaintiff testified that she could walk two blocks, stand ten to fifteen minutes, sit for about a half hour, carry a gallon of milk in each hand, and is unable to stoop or bend with any regularity. Plaintiff uses medication in the morning and described some drowsiness with the pain pills but not as bad as when she first started to take them. She also indicated that she had been taking the medication for so long, she did not think it would impact her job performance.

Plaintiff indicated that she could return to telemarketing if the employer would let her take a nap but not otherwise. Plaintiff did not believe she had a significant mental problem. While mentioning that she had been lined up with a CPAP machine, she gave no further testimony about her sleep apnea. See Plaintiff's testimony (R. 524-41).

Gerald Wili, a vocational expert (hereinafter "VE"), testified upon an assumption of an individual with of Plaintiff's age, education, and work experience capable of light exertional work with limitations for occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling, but no climbing of ropes, ladders, and scaffolds and with a need to avoid concentrated exposure to fumes, odors, dust, gasses, and poor ventilation and hazards. On that hypothetical, the VE opined that such person could do all of the jobs Plaintiff formerly did except for electronic tester.

If such person also needed a sit-stand option, the jobs of cashier II and electronic inspector would be eliminated, but she could still perform the jobs of telemarketer, office manager, and electronics assembler. Additionally, such person could perform other type cashier jobs and jobs as a toll collector and some types of bench assembly work. On a further assumption that such person could only perform sedentary work with the same limitations, the witness opined that the individual could still perform Plaintiff's past work as a telemarketer and do some types of work she did as an office manager, such as an appointments clerk or telephone operator. She could also do the same type toll collector, bench assembly, and cashier work with this additional limitation. If such hypothetical person could not sustain work activity over a typical workday, no such work would be available.

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately herein as necessary.

By his decision of March 18, 2005, the ALJ determined that while Plaintiff has severe impairments related to reflux disease, hypercholesterolemia, sleep apnea, asthma, obesity, fibromyalgia, and degenerative disc disease, she nonetheless had the residual functional capacity to perform a restricted range of light exertional work. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform her past work as a telemarketer, office manager, and electronics assembler, as well as other work available in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 11-24). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw

inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises a single claim on this appeal. As stated by the Plaintiff, "[t]he Commissioner erred by failing to properly evaluate Plaintiff's condition of sleep apnea." (Doc. 17 at 6). More particularly, Plaintiff complains that the ALJ failed to adequately address and improperly discounted her complaints of fatigue brought on by sleep apnea under the applicable standard. She more broadly argues that she suffers a number of conditions that could contribute to her fatigue, including her sleep apnea, her pain, medications, and her obesity. She contends that the ALJ's conclusion that her sleep apnea and her fatigue were satisfactorily controlled is not supported by the evidence. In Plaintiff's view, the subjective

complaints must be accepted as true and based on the VE's testimony, she is disabled and is due an award of benefits.

In response, the Commissioner urges that the ALJ both followed the applicable standard and properly concluded that her allegations concerning her symptoms were not fully credible. By the Commissioner's review of the medical record, there is very little reference to sleep apnea, and no physician assessed any limitations stemming from the condition. In the Commissioner's view, the records from Plaintiff's treating doctor, Dr. Brown, entirely undercut her argument regarding this condition, as does her own testimony from the hearing.

Plaintiff is correct that in this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)). A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. Id.; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. Id.; Cannon v. Bowen, 858

F.2d 1541, 1545 (11th Cir. 1988); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). For the reasons set forth below, and after careful consideration of the decision and a full review of the medical record, I conclude that Plaintiff is not entitled to relief on this claim.

Initially, while the decision does not expressly reference this circuit's "pain standard," it does cite to Social Security Ruling 96-7p and the regulatory standard at 20 C.F.R. § 404.1529 (R. 13), "which contains the same language regarding the subjective pain testimony that [the Eleventh Circuit] interpreted when initially establishing its three-part pain standard." Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002). Proper application of the ruling and this regulation will satisfy the "pain standard." Id. Here, a fair reading of the decision reflects that the ALJ analyzed the subjective complaints in accordance with this standard. Thus, after reviewing the medical evidence, the decision reflects that the ALJ credited Plaintiff with conditions that could give rise to "pain" but not to the extent claimed by Plaintiff. See (R. 20-21). As stated above, the ALJ may discredit the subjective evidence by articulating explicit and adequate reasons for doing so. The ALJ has done so here.

As reflected in the decision, the ALJ generally discounted Plaintiff's subjective testimony because it was unsupported by the medical evidence. From a review of the decision and a thorough review of the medical record, it is apparent that the ALJ first fairly examined the medical evidence before reaching any conclusions. While the medical evidence revealed treatment for a number of conditions, no one of those conditions or the combination of them required a finding of disability.[3] Further, the ALJ's more particularized consideration of

---

[3]It is simply not accurate to suggest that the ALJ did not adequately consider the medical evidence related to sleep apnea or fatigue. His recounting of Plaintiff's treatment

Plaintiff's subjective claims is likewise supported by the substantial evidence when also considered in the light of the full medical record.

In specifically addressing her complaints of pain, the ALJ stated that "physical examinations failed to demonstrate any motor, sensory, or other neurological deficits" and simply did not support her claim of disability.  Additionally, he noted inconsistencies or discrepancies in Plaintiff's reports to Dr. Adam Rosen and Dr. William Brown at similar times during their treatment of her, and that her allegations of rheumatoid arthritis were contradicted by the evidence.[4]  Finally, he cited her acknowledged ability to work at a computer and complete household chores.  (R. 20).  These conclusions, especially those drawn from the medical record, are supported by the evidence, as is the ALJ's conclusion that Plaintiff's pain was not so intense and persistent to render her disabled from all work.[5]

---

history repeatedly references, and from my review, accurately re-states, that treatment history. See (R. 12- 20).

[4]The ALJ found Plaintiff's complaints of rheumatoid arthritis contradicted by the laboratory reports.  The conclusion appears supported by the evidence, and Plaintiff conceded as much at the hearing.  In my view, this finding reflects more on the lack of medical support for disability than on Plaintiff's credibility.

[5]I concur with the Commissioner that although Dr. Brown noted on a couple of occasions that Plaintiff could not work, a review of his notes suggest that he treated Plaintiff conservatively over an extended period of time, and he generally reported normal clinical findings and no motor, reflexes, or sensory deficits.  (R. 373-505).  His notes also reflect that Plaintiff was fairly well maintained under this care and more significantly, the notes do not suggest clinical findings or limitations indicating that Plaintiff was disabled as that term is defined under the Act.  Likewise, Dr. Rosen's records fail to dictate a finding of disabling pain or fatigue.  (R. 344-72).  Indeed, they suggest the contrary.  See, e.g. (R. 352).  Dr. Rosen's records also reveal that Plaintiff was well advised to quit smoking and lose weight, but for whatever reason, she declined to do so.  See, e.g., (R. 516).

Regarding her complaints on the basis of sleep apnea (and fibromyalgia), the ALJ determined that treatment notes indicated that both were controlled with treatment and exercise and that she was "frequently described as well appearing or in no acute distress." (R. 21). While the Plaintiff may disagree, the records, when considered as a whole, can fairly be read to support that Plaintiff's sleep apnea was generally well maintained by use of the CPAP. Indeed, the records do not suggest that Plaintiff herself claimed anything to the contrary for any extended period of time. Further, I can find no claims by Plaintiff that the condition caused her daytime somnolence as she testified to at the hearing, nor do her doctors' records suggest any functional limitations because of this condition. Thus, while the Plaintiff did complain of pain and occasionally of sleep difficulties, Dr. Rosen's records did not attribute any significant problems brought on by sleep apnea, and as noted by the ALJ, the doctor's notes indicated that Plaintiff was "well appearing" on a number of occasions and can be read to suggest some improvement in her condition.[6] Dr. Brown's records reflect that Plaintiff complained on some occasions about her sleep apnea, while on other occasions, the condition was not even mentioned. Although Plaintiff is correct that a couple of that doctor's notes reflected a problem with getting the sleep apnea under control, later notes suggest the condition stabilized. See, e.g. (R. 383, 386, 388-89).

By his conclusion, the ALJ (after addressing Plaintiff's asthma and her refusal to stop smoking and the obesity) stated that he "[did] not imply that the claimant is symptom-free, but a review of the evidence in this case persuades the undersigned that the claimant's complaints

---

[6]The references to sleep difficulties in Dr. Rosen's notes are sparse and suggest reasons entirely unrelated to sleep apnea as the cause of the difficulties. See (R. 346, 356).

of pain, fatigue, and incapacitation are not credible when viewed in light of the medical findings and the claimant's own testimony." Id. By my review, when the records are considered as a whole, that conclusion was properly made. The medical evidence did not require a conclusion that Plaintiff's sleep apnea and fatigue manifested itself to the full extent complained of by the Plaintiff. Stated otherwise, the ALJ's conclusion that Plaintiff did not suffer from disabling fatigue or other symptoms is supported by the substantial evidence.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 28th day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record